RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7 / 24 / 14

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

OLEANDER EDWARDS                    DOCKET NO. 14-CV-812; SEC. P
     LA. DOC. #102767

VERSUS                              JUDGE DEE D. DRELL

TIM KEITH, ET AL.                   MAGISTRATE JUDGE JAMES D. KIRK

<u>REPORT AND RECOMMENDATION</u>

Pro se Plaintiff, Oleander Edwards, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 14, 2014.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana.  He complains that he was injured when a fan fell from a wall, hitting Plaintiff in the head.  Plaintiff names as defendants Warden Tim Keith and the Maintenance Supervisor for WNC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that on July 30, 2013, he was performing his job of cleaning a dormitory, when "the fan on the right wall side fell and hit plaintiff on his head and his face, knocking him unconscious."  [Doc. #1, p.3]  Plaintiff alleges that the fan had been recently repaired by the maintenance crew and carelessly

remounted on the ceiling.

### Law and Analysis

Federal courts are courts with limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. See Johnson v. United States, 460 F.3d 616, 621 n.6 (5th Cir. 2006). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to federal violations. See Baker v. McCollan, 443 U.S. 137, 146 (1979); see also Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). In this Circuit, to maintain a civil rights lawsuit, a plaintiff must allege an abuse of governmental power that rises to a constitutional level. See Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir.1980), cert. denied, 451 U.S. 1019, 101 S.Ct. 3009, 69 L.Ed.2d 391 (1981).

Plaintiff complains of a ceiling fan falling on his head. He expressed the opinion that the fan fell because it had been carelessly remounted after repairs and/or had not been repaired in accordance with work orders. Plaintiff sued "John Doe" Maintenance Supervisor and the warden.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. The standard of determining whether the conditions are cruel and unusual "must draw its meaning from the evolving standards of decency that mark the progress of a maturing

society." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1984).   The "Constitution does not mandate comfortable prisons." <u>Id.</u> at 349. At the same time, in order to state a cognizable claim, a prisoner must allege facts showing that officials acted with a culpable state of mind—that they acted with deliberate indifference.  <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-303 (1991); <u>Alberti v. Sheriff of Harris County, Texas</u>, 937 F.2d 984, 1004 (5th Cir. 1991).

In <u>Atkins v. Sheriff's Jail Avovelles Parish</u>, 278 Fed. Appx. 438 (5th Cir.2008), the Fifth Circuit rejected an inmate's claims of deliberate indifference based on injuries he sustained in a fall after officials failed to repair leaks in pipes that caused puddles of water.   The Fifth Circuit held that the actions attributed to jail officials amounted to nothing more than "unreasonableness or negligence, neither of which establishes an Eighth Amendment violation." <u>Id.</u> at 439; <u>see also</u>, <u>Kennedy v. Sollie</u>, 2007 WL 2561693 (S.D.Miss. 2007)(prisoner's claim for injuries to back sustained as result of slip-and-fall in puddle of water on prison floor caused by officials' failure to repair leaky window amounted to nothing more than negligence).

Plaintiff does not allege that the warden or maintenance supervisor intended to injure him in any way.   Nor has he presented allegations of conditions that were so bad that they constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff has failed to allege that anyone was deliberately

3

indifferent.   At most, the actions attributed to the maintenance supervisor amounted to negligence in failing to repair or maintain the ceiling fan.  See e.g., Noble v. Grimes, 350 Fed. Appx. 892, 893 (5th Cir.2009) (unpublished per curiam ) (prisoner's complaint for injuries to head sustained as result of slip and fall in standing water in prison shower area amounted to negligence at most and was insufficient to raise claim of deliberate indifference to substantial risk of serious harm, even though defendants were aware of standing water and failed to take preventive action). Negligence is not actionable under §1983.

As for the Warden, supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* or *vicarious liability* does not provide a basis of liability in a section 1983 action.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Monell v. Dep't of Social Servs., 436 U.S. 658, 691–95 (1978)(supervisory officials cannot be held vicariously liable for their subordinates' actions under section 1983). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in a plaintiff's injury. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).  Plaintiff has not alleged any constitutional deprivation on the part of the warden, nor did Plaintiff allege that the warden implemented an unconstitutional

policy causing a constitutional deprivation.

### Conclusion

For the forgoing reasons, Plaintiff fails to state a claim for which relief can be granted. Thus, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE